MADDOX, Justice
(concurring in part; dissenting in part).
I agree with the majority’s holding that the trial court lacked the authority to order Mutual Assurance to show cause as to why the court should not consider, in determining the financial impact of the $10 million award, a potential bad faith claim Dr. Evans might have against Mutual Assurance. However, although the majority correctly states that the resolution of that issue is dispositive of this appeal, the majority also addresses whether the trial court, in determining whether the verdict was excessive, should consider Dr. Evans’s potential bad faith claim against Mutual Assurance and its conceivable effect upon Dr. Evans’s financial position. The majority holds:
“[I]t is within the trial court’s discretion to ascribe a reasonable present value to [Dr. Evans’s bad faith claim], and to consider such an asset on the remittitur issue. We have made it clear that in determining the financial impact of a punitive damages award on a defendant, a trial court should determine ‘the true impact on the defendant.’ Killough v. Jahandarfard, 578 So.2d 1041, 1047 (Ala.1991).”
627 So.2d at 866 (Ala.1993) (emphasis added by the majority). I disagree.
In my opinion, the trial court cannot determine the value of a potential bad faith claim for purposes of the Hammond-Green Oil Co. hearing without engaging in rank speculation as to the value of such an asset and thereby depriving Dr. Evans of his constitutional right to a post-verdict assessment of the jury’s award of punitive damages.